UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Case No. 8:12-cv-02301-SDM-AEP |
| v. | ) |
| JOHN DOES 1-72, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO WHY THE JOHN DOE DEFENDANTS THAT RESIDE OUTSIDE THE TAMPA DIVISION SHOULD BE MAINTAINED WITHIN THIS CAUSE OF ACTION IN THIS DIVISION**

By and through undersigned counsel, Plaintiff respectfully submits this memorandum as to why the John Doe Defendants that reside outside the Tampa division should be maintained within this cause of action in this division.

**I.    Introduction**

At a hearing on November 7, 2012, your Honor requested undersigned explain why the John Doe Defendants that trace to a division outside the Tampa division should remain in this case. Your Honor expressed particular concern that Plaintiff's suit was not filed in conjunction with the Middle District of Florida Local Rule 1.02.

> Local Rule 1.02(c) provides that "[a]ll civil proceedings of any kind shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." M.D. Fla. R. 1.02(c). In an analogous context: "[V]enue must be determined based on the facts at the time of filing." *Flowers Indus., Inc. v. FTC,* 835 F.2d 775, 776 n. 1 (11th Cir.1987) (citations omitted).

*Quick v. Astrue*, 3:12-CV-76-J-32JBT, 2012 WL 3655303 (M.D. Fla. 2012). "[I]t is not necessary that an action be brought in the division where the defendant resides, when such division is created by rule of court." *Manning v. Mundock*, 551 F. Supp. 604, 608 (M.D. Fla.

1982). In this case, the majority of the Defendants reside in this division. John Doe 58, with the earliest date of infringement on July 18, 2012 traced to Saint Petersburg, FL, a city within this division. As John Doe 58 is the earliest participant in this suit within the BitTorrent swarm, John Doe 58 is responsible for the greatest distribution of the infringing content to other members of the swarm, creating a significant nexus to this division. Further, at this stage of litigation, consideration of division may be premature because Plaintiff's geolocation service is only able to trace within 20 miles of the Defendant's address.

> II. **Considerations of Division May Be Premature When the Precise Location of the Defendants Is Unknown**

Plaintiff has used geolocation software to determine that the Doe Defendants all reside or own an Internet account with an address in this state and in this district. IPP Limited, Plaintiff's investigator, provided Plaintiff with the Doe Defendants' IP addresses, hit dates of infringement and the correlating hash values for each infringement. Each infringement was effectuated using an internet connection situated within this District, and discovery sought relates specifically to the ownership of IP addresses traced to this District. For each of the suits filed by Plaintiff, Maxmind® Premium's IP geolocation tracing service was used to determine that each of the Doe Defendants' IP Addresses trace to a location inside the Middle District of Florida. Maxmind® Premium's IP geolocation tracing service was also used in all of Plaintiff's other federal cases across the country. Statistics from Plaintiff's prior cases demonstrate that this process accurately predicted that a Doe defendant's IP Address would trace to the correct district 99% of the time.

That being said, while Maxmind is extremely reliable on a state and district level, it is not able to trace to a precise location. Maxmind, like any geolocation service, is generally only able to trace within 20 miles of the Defendant's address. In this case, 39 Defendants trace to the Tampa division of the Middle District of Florida. Further, 23 Defendants trace to the Orlando division, with the remaining defendants tracing to Ocala, Jacksonville, and Ft. Myers.

Because of the uncertainty of the geolocation software, if the Court were to transfer the defendants that trace outside of this division to the division in which their IP addresses traced, before their information is received, some defendants may still remain in a different division then that which they reside. For example, Doe 2 is in Port Charlotte, FL, which is in the Ft. Myers division of the Middle District of Florida. The ISP response may show, however, that the IP address belongs to a resident in North Port, FL, only 10 miles away, but a resident of this division. Doe 2 may be transferred to the Ft. Myers division and then transferred back to this division. This would not only result in delay, but also result in multiplying unnecessary judicial resources.

At this point, the majority of defendants reside in this division. This division also either borders, or is central, to many other divisions in this Court, and it is possible that defendants that trace to Orlando, Ft. Myers, and potentially Ocala may also actually trace to this division. If the Court ultimately decides to either transfer the Defendants or have Plaintiff refile its case in separate divisions, Plaintiff respectfully requests the Court allow Plaintiff to receive the information of the Defendants so that it may avoid multiple transfers or re-filings. Towards that end, once Plaintiff receives the Defendants' identities, Plaintiff will dismiss and refile against any Defendant requesting such, who resides in a different division.

### III. Interests of Convenience and Judicial Efficiency Weigh In Favor of this District

The Court should retain the Defendants in this case, at this stage of the proceedings, in the interests of convenience and judicial efficiency. In *Quick v. Astrue*, 3:12-CV-76-J-32JBT, 2012 WL 3655303 (M.D. Fla. 2012), the Court found that the Jacksonville division was the proper division "to conserve resources and avoid the duplication of judicial labor." *Id.* Here, if the Court were to transfer the Defendants that do not reside in this division, the case would be

3

duplicated in each division, greatly multiplying the amount of necessary resources. Each division would separately rule on the same issues, resulting in potentially varied opinions.

**IV.** **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court maintain the John Doe Defendants that reside outside this division within this cause of action in this division.

Dated: November 14, 2012

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile:  (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*